# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| **EVELYLENA YANOSIK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **THE SPARC NETWORK, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, EVELYLENA YANOSIK ("Plaintiff" or "Yanosik") files their Complaint against the Defendant, THE SPARC NETWORK, LLC. ("Defendant" or "SPARC"), and states the following:

## NATURE OF THE CLAIMS

1.      This is an action for monetary damages, injunctive relief, and other equitable relief brought pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA"), Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"), as applicable. Plaintiff alleges that Defendant engaged in unlawful employment practices based on disability, in violation of the aforementioned laws. These actions include, but are not limited to, discrimination and retaliation.

## JURISDICTION

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under ADA and FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events, or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this district.

## THE PARTIES

4. Plaintiff, Yanosik, is a citizen of the United States was at all times material a resident of this district.

5. Defendant, SPARC, is a For-Profit Corporation that operates in this district.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On November 21, 2025, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within one hundred eighty (180) days after the alleged unlawful employment practices occurred.

10. On July 3, 2025, the EEOC issued a Determination of Charge and Notice of Right to Sue.

11. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

2

12.     In late July 2024, Plaintiff Evelylena Yanosik experienced a medical emergency resulting in sepsis and supraventricular tachycardia (SVT), necessitating emergency surgery.

13.     Plaintiff promptly informed her supervisor, Melissa Tate, of the medical emergency and submitted a doctor's note requesting medical leave for recovery.

14.     Although SPARC Network, LLC initially approved Plaintiff's request for temporary leave, the company began engaging in retaliatory behavior, including demands for work notes and pressure to continue working while Plaintiff was hospitalized in the intensive care unit.

15.     Due to the employer's insistence, Plaintiff's husband was compelled to bring her work computer to the hospital to prevent disciplinary action against her for not being present in the workplace.

16.     Despite her critical health condition, Plaintiff complied with SPARC's requirements and submitted all necessary documentation as directed.

17.     Nevertheless, SPARC continued to harass Plaintiff. Specifically, Shanda Woody, an official in SPARC's Human Resources department, repeatedly urged Plaintiff to resign and falsely asserted that Plaintiff had failed to submit required medical paperwork.

18.     During this period, Plaintiff was actively receiving short-term disability payments.

19.     On August 27, 2024, Ms. Woody sent a group text message to both Plaintiff and her husband, demanding that Plaintiff submit a resignation letter. When Plaintiff refused, Ms. Woody assured her that termination was not forthcoming.

20.     Despite this assurance, on September 4, 2024, Ms. Woody informed Plaintiff that SPARC had retroactively terminated her employment effective August 31, 2024.

21.     As a result of the retroactive termination, Plaintiff lost access to her health insurance

3

coverage and was unable to proceed with critical kidney surgery.

22.　　By terminating Plaintiff's employment during an approved medical leave, SPARC denied her access to essential healthcare and necessary medical treatment.

23.　　SPARC's conduct inflicted substantial financial and physical harm on Plaintiff during a period of medical vulnerability and demonstrated a flagrant disregard for her rights under the Family and Medical Leave Act (FMLA) and her medical needs.

### Count I: Disability Discrimination under the ADA

24.　　Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23, above.

25.　　At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

26.　　At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

27.　　Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

28.　　Plaintiff was able to perform the essential functions of their job at the time of their termination.

29.　　Defendant is prohibited under the ADA from discriminating against Plaintiff because of their disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

30.　　Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout their employment based on their disability, thereby resulting in Plaintiff's unlawful termination.

4

31.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

32.     Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count II: Failure to Accommodate in Violation of the ADA

33.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23, above.

34.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35.     Plaintiff was able to perform the essential functions of their job at the time of their termination.

36.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of their disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37.     Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Claimant's disability.

38.     Defendant failed to reasonably accommodate Plaintiff or engage in the interactive

process.

39.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

40.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling them to compensatory damages.

41.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling them to punitive damages.

## Count III: Retaliation in Violation of the ADA

42.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23, above.

43.     At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

44.     At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

45.     Defendant intentionally retaliated against Plaintiff based on their request for reasonable accommodations and use of protected medical leave pursuant to their disability.

46.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

47.     Defendant's unlawful conduct in violation of the ADA was outrageous and

malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV: Retaliation in Violation of the FMLA

48.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23, above.

49.    Plaintiff was an employee eligible for protected leave under the FMLA.

50.    Defendant is and was an employer as defined by the FMLA.

51.    Plaintiff exercised or attempted to exercise their rights under the FMLA.

52.    Defendant interfered with Plaintiff's lawful exercise of their FMLA rights.

53.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

54.    Plaintiff was injured due to Defendant's willful violations of the FMLA and they are entitled to legal relief.

## Count V: Interference in Violation of the FMLA

55.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23, above.

56.    Plaintiff was an employee eligible for protected leave under the FMLA.

57.    Defendant is and was an employer as defined by the FMLA.

58.    Plaintiff exercised or attempted to exercise their rights under the FMLA. Defendant retaliated against Plaintiff for exercising or attempting to exercise their FMLA rights.

59.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

60.    Plaintiff was injured due to Defendant's willful violations of the FMLA and they are entitled to legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)      Grant Plaintiff their costs and an award of reasonable attorneys' fees (including expert fees); and

c)      Award any other and further relief as this Court deems just and proper.


## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.


Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
North Carolina Bar No. 54125
**Martoccio Law Group**
2101 W. Platt St. Suite 200
Tampa, Florida 33606
T: (813) 725-3279
gary@martocciofirm.com
*Counsel for Plaintiff*

8